# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS PETOFF, | ) | |
|     Plaintiff, | ) | Civil Action No. 16-79ERIE |
| | ) | |
| v. | ) | |
| | ) | |
| EDWARD YEANEY, et al, | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## MEMORANDUM OPINION

**A. Relevant Procedural History**

Plaintiff, acting pro se[1], initiated the instant action on April 11, 2016. Plaintiff alleges that he was the victim of excessive force and he alleges that he received inadequate medical treatment. In his amended complaint, Plaintiff raises three legal claims: violation of due process, deliberate indifference, and retaliation. Since the filing of this action, Plaintiff has filed a "Memorandum in Support of Plaintiff's motion for Preliminary Injunction." This brief is not accompanied by a motion, but requests preliminary injunctive relief by way of an order from this

---

[1] *Pro se* pleadings, however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

Court directing Defendants to move him into general population at the Erie County Prison. ECF No. 36.

### B. The Availability of Preliminary Injunctive Relief

Preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993); see also Hoxworth v. Blinder, Robinson & Company. Inc., 903 F.2d 186, 189 (3d Cir. 1990). The four factors that must be shown for the issuance of a temporary restraining order are the same as those required to issue a preliminary injunction. Fink v. Supreme Court of Pennsylvania, 646 F.Supp. 569, 570 (M.D.Pa. 1986).

In determining whether to grant a preliminary injunction, a court must consider whether the party seeking the injunction has satisfied four factors: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the nonmoving party; and 4) the public interest favors such relief." Bimbo Bakeries USA, Inc. v. Botticella, 613 F.3d 102, 109 (3d Cir. 2010) quoting Miller v. Mitchell, 598 F.3d 139, 145 (3d Cir. 2010). See also Fed.R.Civ.P. 65.

As a court sitting in equity, the district court must weigh the four factors, but it is not incumbent on the movant to prevail on all four factors, only on the overall need for an injunction. Neo Gen Screening, Inc. v. TeleChem Intern., Inc., 69 Fed.App'x 550, 554 (3d Cir. 2003). A sufficiently strong showing on either the likelihood of success or irreparable harm may justify an injunction, even if a movant's showing on the other two factors is lacking. Id. Because a preliminary injunction is an extraordinary remedy, the party seeking it must show, at a minimum, a likelihood of success on the merits **and** that they likely face irreparable harm in the absence of

2

the injunction. See Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000); Hohe v. Casey, 686 F.2d 69, 72 (3d Cir. 1989). The burden of introducing evidence to support a preliminary injunction is on the moving party with respect to the first two factors; however, the same is not true of the second two factors. Neo Gen Screening, 69 Fed.App'x at 554.

These limitations on the power of courts to enter injunctions in a correctional context are further underscored by statue. Specifically, 18 U.S.C. § 3626 limits the authority of courts to enjoin the exercise of discretion by prison officials, and provides that:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C.A. § 3626(a)(1)(A).

The statute further instructs that:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity … in tailoring any preliminary relief.

18 U.S.C.A. § 3626(a)(2).

Moreover, where the requested preliminary injunction "is directed not merely at preserving the *status quo* but … at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980). Mandatory injunctions should be issued only sparingly. United States v. Price, 688 F.2d 204, 212 (3d Cir. 1982). Thus, a request for any form of mandatory prospective relief in the prison context "must always be

3

viewed with great caution because judicial restraint is specially called for in dealing with the complex and intractable problems of prison administration." Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).

### C. Plaintiff's Request for Preliminary Injunctive Relief

It is Plaintiff's burden to produce evidence to support a likelihood of success on the merits of his claim (Neo Gen Screening, 69 Fed.App'x at 554), and this he cannot do. Because Plaintiff's request for injunctive relief is not related to the alleged constitutional violations of the underlying complaint, Plaintiff cannot demonstrate that there is any likelihood of success on the merits. See Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010) (for preliminary injunctive relief to be granted, there must be "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit."); Banks v. Good, 2011 WL 2437061 (W.D. Pa. Apr. 20, 2011); Report and Recommendation adopted, 2011 WL 2418699 (W.D. Pa. June 14. 2011); Spencer v. Stapler, 2006 WL 2052704, at *9 (D.Ariz. July 21, 2006) ("Plaintiff's motion [for injunctive relief] concerns events that are unrelated to the subject of his complaint and that concerns conduct of persons other than the defendants. Plaintiff's request will therefore be denied."); Westbank Yellow Pages v. BRI, Inc., 96 WL 255912, at *1 (E.D. La. May 13, 1996) ("A preliminary injunction is not an appropriate vehicle for trying to obtain relief that is not even sought in the underlying action.").

Furthermore, this Court is loath to interfere with the daily management decisions of prison administrators regarding housing status and cellmate assignments as the federal courts are not over-seers of the day-to-day operations of prisons. See Beard v. Banks, 548 U.S. 521 (2006) (prison officials should be afforded deference in the execution of policies that are needed to maintain institutional security); Wolfe v. McDonnell, 418 U.S. 539, 566 (1974) (prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking.").

Finally, granting this injunctive relief would effectively have the federal courts making ad hoc, and individual, decisions concerning the treatment of a single prisoner, and could harm both the Defendants and the public's interest. In the prison context, the Defendants' interest and the public's interest in penological order could be adversely affected if the court were to dictate the treatment of a single inmate, one inmate out of hundreds in the system. Therefore, consideration of "whether granting preliminary relief will result in even greater harm to the nonmoving party; and … whether granting the preliminary relief will be in the public interest," Gerardo v. Pellulo, 16 F.3d 1363, 1373 (3d Cir. 1994), also weigh heavily against Plaintiff in this case.

Accordingly, Plaintiff's request for preliminary injunctive relief will be denied. An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THOMAS PETOFF,** | ) | |
|       **Plaintiff,** | ) | **Civil Action No. 16-79ERIE** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **EDWARD YEANEY, et al,** | ) | **Magistrate Judge Baxter** |
|       **Defendants.** | ) | |

**O R D E R**

AND NOW, this 18th day of October, 2016;

IT IS HEREBY ORDERED that Plaintiff's request for preliminary injunctive relief [at ECF No. 36] is DENIED.

                                                                         /s/ Susan Paradise Baxter
                                                                         SUSAN PARADISE BAXTER
                                                                         United States Magistrate Judge